LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF ANDREA REYES**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA REYES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA (FEDERAL BUREAU OF PRISONS), <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br> **[Personal Injury – Sexual Battery]** |

Plaintiff complains of the defendant United States of America and alleges as follows:

**JURISDICTION**

1. Subject matter jurisdiction against defendant United States of America, Federal, Bureau of Prisons ("BOP"), exists pursuant to United States Constitution, Article III, Section 2, Subdivision 2, and Title 28 United States Code §§ 1346(b) and 2680(h) (the Federal Tort Claims Act).

3. Pursuant to the applicable provisions of the Federal Tort Claims Act, within two years of the accrual of the within cause of action and prior to the filing of this complaint, Plaintiff caused a written claim to be presented and lodged with the

BOP setting forth the events and circumstances complained of herein. Said claim was presented on or about March 15, 2022, and the six month deadline to answer expired on or about September 15, 2022.

## VENUE

4. This is the proper court for the commencement of this action, as Defendant resides within the jurisdictional boundaries of the Northern District of California (28 U.S.C. § 1402 (a)(1)). As a second basis for venue, all relevant acts or omissions occurred within this District (28 U.S.C. § 1402 (b)).

## PARTIES

5. Plaintiff Andrea Reyes is and at all relevant times was a natural person residing in the State of California.

6. Defendant United States of America BOP at all relevant times was a federal executive agency or department as described in detail at Title 18 United States Code § 4042, *et seq*. At all relevant times herein, plaintiff is informed and believes that BOP oversaw training, supervision, conduct and activities and safety measures of agents, employees and officers of the United States BOP. Ross Klinger ("Klinger") at all times relevant to the allegations made herein was employed by Defendant BOP as a federal corrections officer, as described in 18 U.S.C. § 3050, and was assigned to work at the BOP Federal Correctional Institute Dublin ("FCI Dublin"). As a correctional officer at FCI Dublin, Klinger had authority to execute searches of inmates, seize evidence from inmates and arrest inmates for violations of federal law.

## GENERAL ALLEGATIONS

7. FCI Dublin is an all-female low security federal correctional institution in Dublin, California. This facility is located within the Northern District of California. The acts and omissions alleged herein all occurred at FCI Dublin.

8. During all times relevant to the allegations made herein, the warden, a chaplain and other correctional officers at FCI Dublin committed, condoned,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
Complaint for damages

tolerated, were aware of and permitted the sexual abuse, assault and battery of female inmates by BOP personnel. This top-down toxic culture of sexual abuse was well-known by the female inmate population, which left those inmates with the impression and reasonable belief that they had no choice but to submit to a correctional officer's sexual advances, abuses and batteries.

9. Until approximately October 2020, Klinger was a correctional officer at FCI Dublin. As a correctional officer, Klinger had physical control, disciplinary authority over inmates incarcerated at FCI Dublin, and the power to search their persons, property and cells, the power to seize evidence from them, and the power to arrest them. In approximately November 2019, he was promoted to the Recycling Technician position. As the Recycling Technician, Klinger supervised inmates who participated in the Recycling and Safety Program at FCI Dublin. Klinger was required to conduct his work and supervise inmates in accordance with BOP policies and procedures.

10. In approximately 2018, Plaintiff was serving her custodial term at FCI Dublin under the supervision of Klinger and other BOP correctional officers. In or around 2018, Klinger abused his position of authority and physical control over Plaintiff by sequestering her from other inmates and making sexual advances toward her.

11. Klinger accessed, or was given access to, Plaintiff's confidential prison, medical, health, mental and psychiatric records, files and information. Klinger used the information contained in those records and files to initiate and perpetrate psychological, emotional and sexual abuse of the Plaintiff, and to otherwise manipulate her.

12. In or around 2019, Plaintiff became part of the recycling crew. As a member of the crew, one of her duties was to walk around the prison to collect recycling materials. Klinger was assigned to physically control and supervise

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
( 415)  981- 7210

3
Complaint for damages

Plaintiff. In and around this time, Klinger began a practice of accompanying Plaintiff while she cleaned the prison grounds.

13. In or around April 2020, Klinger was supervising the recycling crew as they cleaned the prisons grounds. Klinger used his position of authority to move Plaintiff away from other inmates or correctional officers, and led her to a warehouse on facility grounds. Klinger unlocked the warehouse and brought Plaintiff inside. Once inside, Klinger abused his physical control and authority over Plaintiff by performing oral sex on her and having sexual intercourse with her. Due to his authority, power and physical control over her and the well-known tolerance of sexual abuse of inmates at FCI Dublin, Plaintiff felt and believed that she was powerless and had no choice but to submit to him.

14. On approximately six occasions from April 2020 to October 2020, Klinger led Plaintiff to the warehouse and sexually assaulted and battered her. All of these occasions occurred while Klinger was on duty and had disciplinary authority, power and physical control over Plaintiff.

15. At all relevant times, Defendant United States of America, BOP, foresaw the risk of sexual assaults and battery by on duty correctional officers who maintain authority and control, and therefore opportunity, over vulnerable inmates such as Plaintiff. The risks of such conduct are generally foreseeable consequences of the enterprise and motivated by conditions in Dublin FCI, as evidenced by statutes, laws, policies and procedures designed to protect vulnerable inmates from sexual abuse by correctional officers, including, but not limited to, 18 U.S.C. §§ 2241, 2243, and 2244 and BOP Policy 5324.12.[1]

---

[1] Sexually Abuse Behavior Prevention and Intervention Program, U.S. Department of Justice, Federal Bureau of Prisons (June 4, 2015) (https://www.bop.gov/policy/progstat/5324_012.pdf accessed November 29, 2022.)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
Complaint for damages

**FIRST CAUSE OF ACTION**
**[Battery]**
**[Defendants BOP and DOES 1-50]**

Plaintiff complains of Defendant and for a First Cause of Action alleges as follows:

16. Plaintiff hereby refers to, re-alleges and incorporates by this reference as though set forth in full, each and every allegation contained in this complaint.

17. In or around April 2020 to October 2020, Klinger engaged in physically, mentally and sexually abusive conduct toward Plaintiff, including, but not limited to, performing unwelcome and unconsented to sex with Plaintiff.

18. At said time and place, Klinger was employed as a correctional officer employed by the United States of America, BOP, and was acting in his role as a correctional officer when he intended to and did cause harmful and offensive sexual contact with Plaintiff.

19. As a proximate result of this conduct, Plaintiff has sustained general, noneconomic damages, including, but not limited to, emotional distress and trauma, anxiety, shame, fear, helplessness, powerlessness, depression and sleeplessness. Said damages are continuing.

20. As a proximate result of this conduct, it became necessary for Plaintiff to incur special, economic damages, including expenses for psychiatric care and treatment, and related costs and expenses required in the care and treatment of said injuries, and plaintiff's damage in this respect is presently unascertained as said services are still continuing, and Plaintiff prays leave to insert her elements of damage in this respect when the same are finally determined.

**SECOND CAUSE OF ACTION**
**[Assault]**
**[Defendants BOP and DOES 1-50]**

21. Plaintiff hereby refers to, re-alleges and incorporates by this reference as though set forth in full, each and every allegation contained in this complaint.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
Complaint for damages

22. In or around April 2020 to October 2020, Klinger intended to cause offensive and harmful contact with Plaintiff, including, but not limited to, performing unwelcome and unconsented to sexual acts with Plaintiff while under his physical control and custody as an inmate of FCI Dublin.

23. At said time and place, Klinger was employed as a correctional officer by the United States of America, BOP, and was acting in his role as a correctional officer when he intended to cause harmful and offensive contact with Plaintiff.

24. Klinger's unwelcome and offensive attempts to make sexual contact were a substantial factor in causing Plaintiff's harm.

25. As a proximate result of Defendants' intentional conduct, Plaintiff has sustained emotional trauma and distress, including but not limited to fear, shame, helplessness, anxiety, depression and sleeplessness.

26. As a proximate result of this conduct, Plaintiff has sustained general, noneconomic damages, including emotional distress and trauma, anxiety, shame, fear, helplessness, powerlessness, depression and sleeplessness. Said damages are continuing.

27. As a proximate result of this conduct, it became necessary for Plaintiff to incur special, economic damages, including expenses for psychiatric care and treatment, and related costs and expenses required in the care and treatment of said injuries, and plaintiff's damage in this respect is presently unascertained as said services are still continuing, and Plaintiff prays leave to insert her elements of damage in this respect when the same are finally determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against Defendant as follows:

a. For economic (special) damages according to proof;

b. For non-economic (general) damages in the amount of $5,000,000;

c. For costs of suit incurred herein; and

d.  For such other and further relief as the Court may deem proper.

Dated:  December 6, 2022                WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MATTHEW D. DAVIS
Attorney for Plaintiff Andrea Reyes

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
( 415)  981- 7210